# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHELLY A. FULKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-968-G |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court are two Motions filed through counsel by Plaintiff Shelly A. Fulkerson. First, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, Plaintiff requests authorization for Plaintiff's counsel, Mr. Kyle J. Saunders, to seek attorney's fees under 42 U.S.C. § 406(b)(1). *See* Pl.'s R. 60(b)(6) Mot. (Doc. No. 24) at 1-4; J. (Doc. No. 21) at 1 (Mar. 26, 2018); *McGraw v. Barnhart*, 450 F.3d 493, 504-05 (10th Cir. 2006). Second, assuming the granting of her first request, Plaintiff moves for an award of attorney fees in the amount of $10,000.00 under 42 U.S.C. § 406(b). *See* Pl.'s Br. (Doc. No. 25).[1]

On March 26, 2018, the Court entered Judgment reversing the Acting Commissioner's final decision denying Plaintiff's application for disability insurance benefits and remanding this case for further administrative proceedings under the fourth

---

[1] Though Plaintiff's request for an award of attorney fees under 42 U.S.C. § 406(b) is styled as a brief, *see* Pl.'s Br. at 1, the substance reflects that the filing is both a motion for fees under § 406(b) and a brief in support. *See* LCvR 7.1(l).

sentence of 42 U.S.C. § 405(g).  *See* J. at 1.  Plaintiff's counsel now informs the Court that on December 7, 2018, an Administrative Law Judge issued a "Fully Favorable" written decision "finding Plaintiff disabled as of August 29, 2013."  Pl.'s R. 60(b)(6) Mot. at 2; *see* Pl.'s R. 60(b)(6) Mot. Ex. 1 (Doc. No. 24-1) at 1-9.  Plaintiff further informs the Court that the Commissioner has "issued an award letter showing past-due benefits of $64,650.50 with $16,160.13 withheld for payment of attorney fees."  Pl.'s R. 60(b)(6) Mot. at 2; Pl.'s R. 60(b)(6) Mot. Ex. 2 (Doc. No. 24-2) at 1-5.  Plaintiff now requests authorization from the Court to seek attorney's fees under 42 U.S.C. § 406(b)(1) in the amount of $10,000.00.  *See* Pl.'s R. 60(b)(6) Mot. at 2-3.

> Subsection 406(b) provides:
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).  This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  And for a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered."  *Id.*

In light of the developments in this case, and the authorities set forth above, the Court finds that "[s]ubstantial justice will be served by allowing counsel to seek

2

§ 406(b)(1) fees under the authority of Rule 60(b)(6)." *McGraw*, 450 F.3d at 505. Accordingly, Plaintiff's Rule 60(b)(6) Motion (Doc. No. 24) is GRANTED.

As for Plaintiff's request for $10,000.00 in fees, the Acting Commissioner has responded that she has no objection to this request. *See* Def.'s Resp. (Doc. No. 26) at 1-2. The Acting Commissioner notes, however, that the Court previously awarded $4800.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, so if fees are now awarded pursuant to § 406(b), Mr. Saunders must refund the lesser award to Plaintiff. *See id.*; Order of June 8, 2018 (Doc. No. 23) at 1-2; *McGraw*, 450 F.3d at 497 & n.2.

Having carefully reviewed the Motion for Attorney Fees and supporting documentation, the Court finds that $10,000.00 is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation, the applicable attorney-fee agreement, and the results achieved. While before the Court, Mr. Saunders filed a detailed opening brief, presenting a well-supported argument that the administrative law judge erred in denying Plaintiff's disability insurance benefits claim. *See* Doc. No. 13. The Acting Commissioner filed a brief in opposition, which Mr. Saunders was required to review. *See* Doc. No. 18; Pl.'s Br. Ex. 4 (Doc. No. 25-4) at 1. Mr. Saunders represents that he spent 27.40 hours litigating Plaintiff's disability case in federal court (not including time spent on attorney-fee issues), which would result in an effective hourly rate of $364.96 with respect to the requested § 406(b) fee. *See* Pl.'s Br. Ex. 4 at 2; Pl.'s Br. at 11-14; *see Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other

3

factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"). Plaintiff and Mr. Saunders agreed that the latter may collect attorney's fees "for representation before the court" in an amount equal to the greater of (i) 25 percent "of the past-due benefits resulting from" Plaintiff's claim, or (ii) any fee awarded pursuant to the EAJA. Pl.'s Br. Ex. 1 (Doc. No. 25-1) at 1. The requested fee award is 15 percent of the past-due benefits awarded to Plaintiff and thus an amount contemplated by the written agreement between Plaintiff and Mr. Saunders. *See* Pl.'s Br. at 9, 11; Pl.'s Br. Ex. 1 at 1.

Accordingly, Plaintiff's Motion for Attorney Fees (Doc. No. 25) is GRANTED, and Mr. Kyle J. Saunders is awarded attorney's fees in the amount of $10,000.00. *See* 42 U.S.C. § 406(b)(1)(A). The Social Security Administration shall pay this amount directly to Plaintiff's attorney: Kyle J. Saunders, P.O. Box 1605, Ada, Oklahoma, 74820. Mr. Saunders shall promptly refund to Plaintiff Shelly A. Fulkerson the $4800.00 in attorney's fees that the Court previously awarded under 28 U.S.C. § 2412. *See* Order of June 8, 2018, at 1-2; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 12th day of June, 2019.

_____
CHARLES B. GOODWIN
United States District Judge